LABEIKES *v.* WARNER.

CANCELLATION OF INSTRUMENTS—DEEDS—FRAUD.
    In suit to set aside deeds to land on ground of fraud, where issue
    involved question of fact, in determining which trial judge had
    advantage of seeing and hearing witnesses and determining
    their credibility, decree in favor of plaintiff is affirmed, on
    appeal.

Appeal from Wayne; Gilbert (Parm C.), J., presiding. Submitted June 14, 1932. (Docket No. 129, Calendar No. 35,767.) Decided September 16, 1932.

Bill by Joseph Labeikes against Philomena Warner and another to set aside deeds on the ground of fraud. Decree for plaintiff. Defendants appeal. Affirmed.

*Frank A. Martin* and *David B. Lichtig,* for appellants.

McDONALD, J. This bill was filed by Joseph Labeikes to set aside deeds of property in Ecorse township, Wayne county, Michigan, on the ground of fraud. After it was filed Mr. Labeikes died. Angeline Szastakauskas was appointed administratrix of the estate. She filed an amended bill alleging that Joseph Labeikes desired to buy the property in question, which consisted of a vacant lot, and, being a Lithuanian unable to read or write the English language, requested defendant, Philomena Warner, to transact the business for him; that he gave her the money; that she purchased the lot but took the deed in her own name and thereafter re-

fused to reconvey it to him; that after this suit was commenced she deeded the lot to defendant William Budwiedes, whom she afterwards married; that the deed to Budwiedes was without consideration and given for the sole purpose of placing the property beyond the reach of the plaintiff.

The defendants answered the bill, denied the allegations of fraud, and claimed that the property was purchased by Mrs. Warner with her own money, and the deed to Budwiedes was given in good faith and for a valuable consideration.

At the hearing the trial court entered a decree dismissing the bill. Subsequently, on motion, this decree was set aside, and, after the taking of further testimony, a decree was filed granting the relief prayed for by the plaintiff. From this decree the defendants have appealed.

The issue involves merely a question of fact. There was a sharp conflict in the testimony in support of and in dispute of the allegations in the bill. Mrs. Warner was the principal witness for the defendant. Of her testimony the trial court said:

"I want to say now, as I said on the other hearing, in substance, that I have not full faith in what Mrs. Warner says about the transaction. That is, she was capable of manipulating such a transaction if she set out to do it. I think the circumstances were such that would have permitted her to have done it. * * * I think it has been made more clear now than it was before on behalf of Mrs. Warner that she did not have the funds and money to buy this property. At least, there has been no reasonable explanation given on her part as to where she could have obtained this money or had it."

Mrs. Varnis was the principal witness for the plaintiff. Of her testimony the court said:

"I cannot understand why Anna Varnis should come here and testify to these conversations or where she would get the substance of those conversations if they did not occur. I can hardly believe that she came here and made that all up. * * * I cannot believe that, and I did not see anything in her manner or appearance to infer that. I did not notice anything in the cross-examination to justify that conclusion."

The appearance, manner, and demeanor of witnesses are not reflected in the printed record of the trial, but they are often the deciding factors in determining their credibility. In this respect the trial judge, in finding the facts, possesses a superior advantage over the appellate court. But we have read the record, and, after careful consideration of the testimony, are agreed that the trial court reached a correct conclusion.

The decree is affirmed, with costs to the plaintiff.

Clark, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.